```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED CENTRAL BANK,              )
                                  )
            Plaintiff,            )
                                  )
     v.                           )
                                  )
NRUPESH DESAI, PRITESH            )
GANDHI, DINESH GANDHI, and        )
SUBHASH C. MALHOTRA,              )
                                  )
            Defendants.           )
                                  )   No. 13 C 5637
PRITESH GANDHI, DINESH            )
GANDHI, and SUBHASH C.            )
MALHOTRA                          )
                                  )
       Cross-Plaintiffs,          )
                                  )
     v.                           )
                                  )
NRUPESH DESAI,                    )
                                  )
       Cross-Defendant.           )

                MEMORANDUM OPINION AND ORDER

United Central Bank ("UCB") has sued the guarantors of five commercial loans made to Illinois limited liability companies ("LLCs") that own and operate gas stations. Three of the guarantors--Pritesh Gandhi ("Pgan"), Dinesh Gandhi ("Dgan"),[1] and Subhash Malhotra ("Malhotra")--have asserted breach of fiduciary duty and indemnification and/or contribution cross-claims against

---

[1] Pritesh Gandhi and Dinesh Gandhi refer to themselves as "Pgan" and "Dgan," respectively, in their opposition to Desai's motion to dismiss. *See* Dkt. No. 36. Accordingly, the Court adopts these naming conventions in this opinion.

1

co-Defendant and co-guarantor Nrupesh Desai ("Desai"). Before me is Desai's motion to dismiss Pgan's and Dgan's cross-claims. I grant Desai's motion only as to Dgan's cross-claim for breach of fiduciary duty for the reasons stated below.

I.

Mutual Bank in Harvey, Illinois made five separate commercial loans to the following LLCs between November 2006 and December 2007: Elk Grove Petroleum, LLC; Joliet Petroleum, LLC; Orland Park Petroleum, LLC; and Oswego Petroleum, LLC (collectively, "the LLCs"). Compl. at ¶¶ 8-9, 24-25, 38-39, 52-53, 66-67. Defendants Desai, Dgan, and Pgan executed guaranty contracts in connection with the loans made to Elk Grove Petroleum, Orland Park Petroleum, and Oswego Petroleum. *Id.* at ¶¶ 10, 26, 40. Defendants Desai and Malhotra executed a guaranty for the two loans made to Joliet Petroleum. *Id*. at ¶¶ 54, 68.

In July 2009, the Federal Deposit Insurance Corporation, acting as receiver for Mutual Bank, sold the LLCs' loans to UCB as part of a Purchase and Assumption Agreement. *Id.* at ¶¶ 13, 27, 41, 55, 69. In December 2009, each LLC and its corresponding guarantors allegedly executed a Forbearance Agreement acknowledging default on the underlying loan(s) as of September 1, 2009. *Id*. at ¶¶ 15, 29, 43, 57, 71. The Forbearance Agreements expired in June 2011. *Id*. With the exception of Oswego Petroleum, the last loan payment each LLC made to UCB was

in April 2011.  *Id*. at ¶¶ 16, 30, 58, 72; *see also id*. at ¶ 44 (alleging that Oswego Petroleum's last loan payment to UCB was in February 2011).  The LLCs filed for bankruptcy protection in December 2012 or January 2013.  *Id*. at ¶¶ 17, 31, 44, 59, 72.

In this breach of contract action, UCB has sued the guarantors on each loan Mutual Bank made to the LLCs.  Defendants Dgan and Pgan have filed cross-claims against Defendant Desai, who was a seventy five percent member of Elk Grove Petroleum, Orland Park Petroleum, and Oswego Petroleum.  Cross-Compl. at ¶ 7.  These cross-claims allege that Desai breached the fiduciary duties he owed to (1) Pgan, as the twenty five percent member of the three LLCs referenced above and (2) Pgan, as a co-guarantor of Mutual Bank's loans to the three LLCs.  *Id*. at ¶¶ 10-11.  Desai allegedly breached his fiduciary duties by, *inter alia*, mismanaging the gas stations owned by the three LLCs, failing or refusing to provide Dgan and Pgan with information about the gas stations' day-to-day operations, converting assets, violating labor and tax laws, failing to pay debts, and causing the LLCs to file for bankruptcy.  *Id*. at ¶ 14.  Dgan and Pgan also seek indemnification and/or contribution from Desai in the second count of their cross-complaint.

II.

Desai has moved to dismiss the Dgan's and Pgan's cross-claims on five separate grounds, which I address in turn below. In resolving Desai's motion, I must "construe the complaint in the light most favorable to the [Cross-Plaintiffs], accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [their] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A.

Desai's first argument for dismissal is that only the LLCs he allegedly mismanaged (or a LLC member suing derivatively) may assert breach of fiduciary duty claims against him. With the LLCs currently in bankruptcy, Desai contends that only the bankruptcy trustee may sue him for allegedly breaching his fiduciary duties. *See Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1343 (7th Cir. 1987) (noting that upon filing of bankruptcy petition, right of action against a corporate officer for breaching fiduciary duties "become[s] property of the [bankruptcy] estate which the trustee alone has the right to pursue").

Desai frames his first argument as both a standing issue and grounds for dismissal under Rule 17(a)'s requirement that "[a]n action must be prosecuted in the name of the real party in interest." The standing component of Desai's argument is based

on the well-established principle "that a litigant cannot sue in federal court to enforce the rights of third parties." *Rawoof v. Texor Petrol. Co, Inc.*, 521 F.3d 750, 757 (7th Cir. 2008). The Seventh Circuit has described "Rule 17's real-party-in-interest requirement as essentially a codification of this nonconstitutional, prudential limitation on standing." *Id*. Thus, Desai's arguments based on standing and Rule 17(a) are mirror images and can be analyzed together.

The key question under Rule 17(a) is whether "the complaint [is] brought in the name of the party to whom that claim 'belongs' or the party who according to the governing substantive law, is entitled to enforce the right." *Id*. at 756 (internal quotation omitted). The LLCs that Desai allegedly mismanaged were organized under Illinois law; therefore, pursuant to the internal affairs doctrine, I must apply Illinois law in resolving the present dispute. *See Freed v. JPMorgan Chase Bank, N.A.*, No. 12 C 1477, 2012 WL 6193964, at *7 (N.D. Ill. Dec. 12, 2012).

The Illinois Limited Liability Company Act ("LLC Act"), 805 ILCS § 180/15-1 *et seq.*, provides that a member-manager such as Desai owes fiduciary duties of loyalty and care to the LLC and its other members. 805 ILCS § 180/15-3(a); *see also id.* at § 180/15-3(b) (setting forth member-manager's specific duties). A LLC's operating agreement may not "eliminate or reduce a member's fiduciary duties." *Id*. at § 180/15-5(b)(6). The LLC Act further

5

provides that "[a] member may maintain an action against a limited liability company *or another member* for legal or equitable relief...to enforce...the member's rights under this Act." *Id*. at § 180/15-20(a)(2 (emphasis added).

Thus, under Illinois law, Pgan is entitled to sue Desai for breaching the fiduciary duties owed to him as the twenty five percent member of Elk Grove Petroleum, Orland Park Petroleum, and Oswego Petroleum.[2] This statutory right of action belongs to Pgan personally and need not be asserted by the LLCs or their bankruptcy trustee.[3] Moreover, the LLC Act does not say that Pgan may enforce his statutory rights only to the extent he seeks redress for injuries that are distinct from injuries sustained by the LLCs that Desai allegedly mismanaged. *See Freed*, 2012 WL 6193964 at *7 (denying motion to dismiss LLC member's aiding and abetting breach of fiduciary duty claim without analyzing whether plaintiff's alleged injuries were distinct from injuries to the LLCs). To the extent Pgan must allege injuries that are unique to him as an LLC member, *see McGee v. Dresnick*, No. 04 6684, 2005

---

[2] Malhotra, who alleges that he was a member of Joliet Petroleum, LLC at all relevant times, also has a statutory basis for his breach of fiduciary duty claim against Desai. *See* Malhotra Cross-Cl. at ¶¶ 5, 9.

[3] Desai's related argument that the cross-claims should be dismissed for failure to join a necessary person under Rule 19 is based on the faulty premise that the LLCs are the real parties in interest. Moreover, even if Desai is correct that the LLCs are necessary parties, dismissal would not be automatic. *See* Fed. R. Civ. P. 19(a)(2) (permitting joinder by court order to remedy absence of a required party).

WL 6244201, at *2 (N.D. Ill. Aug. 24, 2005), his allegations that Desai refused to provide him with information about the LLCs' gas stations and failed to keep him abreast of day-to-day operations satisfy this requirement.

In short, Pgan is the real party in interest with respect to his cross-claim against Desai alleging breach of fiduciary duties. I need not decide whether Dgan is the real party in interest with respect to his cross-claim because, as explained below, he has not plausibly alleged that Desai owed him any fiduciary duties.

B.

Desai next argues that the breach of fiduciary duty cross-claims should be dismissed under Rule 12(b)(6) because (1) the allegations that Desai mismanaged the LLCs are "insufficiently detailed" and (2) Dgan has not plausibly alleged that Desai owed him any fiduciary duties. *See* Dkt. No. 26 at ¶¶ 13-14.

Desai's first argument for dismissal under Rule 12(b)(6) has no merit. The cross complaint contains sufficiently detailed allegations about how Desai mismanaged Elk Grove Petroleum, Orland Park Petroleum, and Oswego Petroleum (e.g., converting their assets, violating labor and tax laws, allowing tax liens to be asserted against each LLC's assets, failing to pay debts, driving the LLCs into bankruptcy). *See* Dkt. No. 23 at ¶ 14(c), (e)-(i). These allegations are a far cry from "an unadorned,

7

the-defendant-unlawfully-harmed-me accusation" that would warrant dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Desai's argument that Dgan's first cross-claim should be dismissed based on the absence of a plausible fiduciary relationship is more persuasive. "A fiduciary relationship may occur as a matter of law, or it may arise 'as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former.'" *Benson v. Stafford*, 941 N.E.2d 386, 397 (Ill. App. Ct. 2010) (quoting *State Sec. Ins. Co. v. Frank B. Hall & Co.*, 630 N.E.2d 940, 945 (Ill. App. Ct. 1994)). Dgan's cross-complaint alleges only two legal relationships with Desai: (1) as co-guarantors on the loans made to Elk Grove Petroleum, Orland Park Petroleum, and Oswego Petroleum and (2) as the majority member of the debtor LLCs (Desai) and a guarantor of their debts (Dgan). Neither relationship is sufficient, as a matter of law, to establish a fiduciary relationship between Desai and Dgan.

"It is well-established that parties to a contract do not stand in a fiduciary relationship to one another." *Colmar, Ltd. v. Fremantlemedia N.A., Inc.*, 801 N.E.2d 1017, 1030 (Ill. App. Ct. 2003). Thus, the guaranty contracts to which Dgan and Desai are parties do not create fiduciary duties between them or among the co-guarantors.

Desai's role as the majority member of the debtor LLCs is also insufficient to establish a fiduciary relationship with the guarantor(s) of any underlying debts. The debtor LLCs do not owe a fiduciary duty to the guarantors of their debts. *See Riley Acquisitions, Inc. v. Drexler*, 946 N.E.2d 957, 968 (Ill. App. Ct. 2011) ("We are aware of no authority that imputes a fiduciary relationship as a matter of law between a principal debtor and a guarantor merely because of their relative positions in relation to a debt[.]"). It follows that Desai's status as a member-manager of the debtor LLCs does not place him in a fiduciary relationship with Dgan and other guarantors.

In sum, neither legal relationship alleged in Dgan's cross-complaint establishes that Desai owed him a fiduciary duty. "If the alleged relationship does not exist as a matter of law, facts from which a fiduciary relationship arises must be pleaded and proved by clear and convincing evidence." *Magna Bank of Madison Cty. v. Jameson*, 604 N.E.2d 541 (1992). Here, Dgan has not pled any "special circumstances" regarding his relationship with Desai to support the existence of a "fiduciary in fact" relationship. *See Benson*, 941 N.E.2d at 398 (identifying factors used to evaluate "fiduciary in fact" claims). Accordingly, Dgan's cross-claim against Desai for breach of fiduciary duty is dismissed without prejudice.

C.

With respect to the cross-claims for indemnification and/or contribution, Desai argues that these claims fail as a matter of law because neither Dgan nor Pgan has paid more than his proportionate share of the underlying debts.

"Under Illinois law, if a co-guarantor of a debt is required to pay a portion of a debt or the entire amount due, the other co-guarantors become liable to contribute a proportionate amount of the money that has been paid." *SEG Liquidation Co., LLC v. Stevenson*, 07 C 3456, 2007 WL 3052980, at *3 (N.D. Ill. Oct. 18, 2007) (citing *Harris v. Handmacher*, 542 N.E.2d 77, 80 (Ill. App. Ct. 1989)). "This liability to contribute arises not from any contract, but from equitable principles." *Harris*, 542 N.E.2d at 80 (noting presumption that "all co-guarantors should contribute equally to the discharge of any liability occurring by reason of the guaranty").

Here, the guaranty contracts state that "the undersigned jointly and severally unconditionally guarantee[] the full and prompt payment when due, and at all times thereafter, of all of the indebtedness, liabilities, and obligations of every kind and nature of the Debtor to the Lender howsoever created[.]" Compl. at Exs. B, H, and L. These joint and several liability provisions distinguish this case from *Spitzer v. Pate*, No. 03 C 346, 2003 WL 21439869 (N.D. Ill. June 19, 2003), where the court

dismissed a third party contribution claim because the obligor had been sued only for his one-third share of the underlying debt.

The other cases cited by Desai stand for the proposition that a co-obligor is not entitled to contribution unless "the evidence...disclose[s] that he has paid more than his just proportion of the joint indebtedness...and what that excess is." *Ruggio v. Ditkowsky*, 498 N.E.2d 747, 750 (Ill. App. Ct. 1986); *see also Falcone v. Hinsdale Gynecology & Obstetrics, Ltd.*, 499 N.E.2d 694, 700 (Ill. App. Ct. 1986) (same). The language quoted above does not bar Cross-Plaintiffs from asserting contribution claims even though their individual rights to recover from Desai are contingent upon whether they ultimately pay more than a "just proportion" of UCB's claims. In the related context of joint and several liability among tortfeasors, Illinois law provides that a contribution claim "may be asserted by a separate action *before or after* payment of a settlement or judgment in favor of the claimant, or may be asserted by counterclaim or by third-party complaint in a pending action." 740 ILCS § 100/5 (emphasis added). Desai has failed to cite any Illinois statute or case law suggesting that, unlike a tortfeasor facing joint and several liability, a co-obligor facing a similar risk may assert a contribution claim only after paying more than a just proportion of the underlying debt. Therefore, the cross-claims for

contribution are not deficient as a matter of law and need not be dismissed.

D.

Desai's final argument is that I should decline to exercise supplemental jurisdiction over the cross-claims because they will "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).[4] According to Desai, UCB's breach of contract claims against him and the other guarantors "basically boil[] down to a computation of money owed and the reasonableness of [UCB's] efforts to mitigate its damages." Dkt. No. 26 at ¶ 18. In contrast, Desai contends that the cross-claims will be "vigorously contested," thereby overshadowing UCB's claims. *Id*.

The premise of Desai's predominance argument--that mitigation of damages will be the only contested issue on UCB's claims--is flawed. Desai is one of four guarantors defending against UCB's breach of guaranty claims. He cannot speak to what issues (including possible defenses) the other guarantors will litigate. For instance, Desai has admitted executing Forbearance Agreements in which he acknowledged default on the loans made to

---

[4] Desai tacitly concedes that supplemental jurisdiction exists because the cross-claims are so closely related to UCB's claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). His argument is that I should decline to exercise supplemental jurisdiction pursuant to the discretion conferred on district courts under 28 U.S.C. § 1367(c).

Orland Park Petroleum, Elk Grove Petroleum, and Oswego Petroleum. *See* Docket No. 17 at ¶¶ 15, 29, 43. In contrast, Dgan and Pgan deny executing the Forbearance Agreements referenced in the same paragraphs of UCB's complaint. *See* Dkt. No. 23 at ¶¶ 15, 29, 43.[5] This one example undermines Desai's argument that mitigation of damages will be the only issue litigated in connection with UCB's breach of guaranty claims such that the cross-claims will predominate.

In short, there is no basis for declining to exercise supplemental jurisdiction over the cross-claims based on their purported predominance over UCB's claims.

III.

Desai's motion to dismiss is GRANTED only as to Dgan's cross-claim for breach of fiduciary duty for the reasons stated above.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: January 21, 2014

---

[5] Defendant Malhotra has also denied executing a Forbearance Agreement with respect to the two loans made to Joliet Petroleum. *See* Dkt. No. 38 at ¶¶ 57, 71.